IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| ALEXANDRA GRAFF, | : | Case No. _____ |
| c/o Santen & Hughes | | |
| 600 Vine Street, Suite 2700 | : | |
| Cincinnati, OH 45202, | | |
| | : | |
| and | | |
| | : | |
| CASSANDRA SALLEE, | | |
| c/o Santen & Hughes | : | |
| 600 Vine Street, Suite 2700 | | |
| Cincinnati, OH 45202, | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| V. | : | |
| | | **COMPLAINT** |
| CITY OF CINCINNATI | : | **FOR DECLARATORY,** |
| 801 Plum Street | | **MONETARY, AND INJUNCTIVE** |
| Cincinnati, Ohio 45202, | : | **RELIEF** |
| | | |
| Defendant. | : | |

_____

**INTRODUCTION**

1. This is a lawsuit pursuant to 42 U.S.C. § 1983 challenging the actions of the City of Cincinnati in unconstitutionally censoring, criminalizing, and punishing the free expression of protestors in the wake of the deaths of George Floyd, Breonna Taylor, and Ahmaud Arbery. Plaintiffs are individuals who desire to exercise their First Amendment rights to speak out about police brutality and racism, but are chilled in that expression by the City's censorship efforts. More specifically, Plaintiffs have withdrawn their speech from planned protests to avoid being arrested under an emergency curfew order issued by the Cincinnati Mayor and out of fear of being exposed to

tear gas, pepper projectiles, and other displays of force targeted at protesters by the Cincinnati Police Department.

2.     As described in this Complaint, the Mayor's curfew order is an unconstitutional content-based restriction on speech that is overbroad and has been selectively enforced against individuals protesting police brutality and racism.  In addition, the curfew order is preempted by state law and is invalid under the Cincinnati City Charter.  In this lawsuit, Plaintiffs seek a declaration that the Mayor's curfew order violates the First and Fourteenth Amendments and the City Charter and is barred by the doctrine of preemption, along with injunctive relief against any future curfew orders.  Plaintiffs also seek nominal monetary damages for violations of the First and Fourteenth Amendment rights.

## JURISDICTION

3.     Jurisdiction over Plaintiffs' claims for declaratory and injunctive relief is proper in this Court pursuant to 28 U.S.C. §§ 1331(a), 1343(3), and 1343(4).

4.     This Court has supplemental and pendent jurisdiction pursuant to 28 U.S.C. § 1367 to review and decide Plaintiffs' state law claims.

5.     Venue is proper in this district and division pursuant to S.D. Ohio Local Rule 82.1, as the various acts which form the basis of this complaint occurred within Hamilton County, Ohio.

## PARTIES

6.     Plaintiff Alexandra Graff is a resident of the City of Cincinnati.  Graff has engaged in recent protests prompted by the murder of George Floyd, but has substantially abided by the curfew order imposed by the Cincinnati Mayor.  She desired to engage in additional protesting and non-violent expressive activities, but was deterred by her fear of being arrested under the curfew order.  Graff is afraid to participate in upcoming planned protests because she fears arrest.

7. Plaintiff Cassandra Sallee is a resident of Hamilton County. Sallee has engaged in recent protests prompted by the murder of George Floyd, but has substantially abided by the curfew order imposed by the Cincinnati Mayor. She desired to engage in additional protesting and non-violent expressive activities, but was deterred by her fear of being arrested under the curfew order. Sallee is afraid to participate in upcoming planned protests because she fears arrest.

8. Defendant City of Cincinnati ("the City") is a unit of local government organized under the laws of the State of Ohio. The City is a "person" capable of being sued under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

9. Defendant City of Cincinnati carries out its actions, in part, through its elected mayor, city manager, police chief, and other governmental officials.

## STATEMENT OF FACTS

10. On Memorial Day 2020, Minneapolis police killed George Floyd, an unarmed African-American man suspected of paying for groceries with a counterfeit $20 bill. Two officers held his body down face down on the ground, while another officer pinned Floyd's head against the ground by forcefully placing his knee into Floyd's neck for nearly ten minutes. Several months earlier, Louisville police shot and killed Breonna Taylor, an unarmed African-American woman and an EMT, in her bed as she slept. Around the same time, prosecutors and police in South Georgia conspired to allow three white men who trapped and killed Ahmaud Arbery, another unarmed African-American man, to go uncharged.

18. These three killings brought racism, and specifically racist policing, to the forefront of the American consciousness. In the wake of Floyd's death, people began peacefully protesting across the country to call attention to the problem of police murdering innocent black people.

19. Such protests began in Cincinnati on or about Friday, May 29, 2020 and continued through June 1, 2020. Protests are planned to continue throughout June. More specifically, protests are planned in the Cincinnati area for the weekend of June 7, 2020.

20. The City of Cincinnati began arresting protestors during the late night hours of May 29th into the early morning hours of May 30th, and it continued arresting protestors each consecutive day thereafter. As of the filing of this complaint, hundreds of people have been arrested for exercising their right to free speech in public spaces in and near downtown Cincinnati. Many of those individuals were sprayed with tear gas by police prior to being arrested, shot at by police with pepper bullets and rubber bullets, and forcibly arrested by police officers using excessive force.

21. Many of those individuals who have been arrested have been charged with violating the Mayor's curfew order. Issued on May 31, 2020, the emergency order sets a city-wide curfew for all public spaces in the city between the hours of 9:00pm and 6:00am ("the curfew order"). (See Exhibit A: May 31, 2020 Emergency Order.) On June 3, 2020, the Mayor extended the start of the daily curfew to 11:00pm and extended the duration of the curfew order through Sunday, June 7, 2020.

22. As grounds for the curfew order, the Mayor cited "the threat of continued and escalating violence; the need for security and enforcement support for the Cincinnati Police Department; and the need to protect the City's first responders from the spread of COVID-19." (*Id.*)

23. Notably, the curfew order exempted a laundry list of speakers who were permitted to remain in public after 9:00pm for expressive purposes. These include government officials, people experiencing homelessness, and members of the news media deemed "essential workers." (*Id.*) All of these individuals are permitted to engage in constitutionally-protected expression during the curfew hours, while people protesting the murder of George Floyd are not.

24. While the curfew order does not define the term "essential worker," state law defines the term "essential business," which presumably employs essential workers. Essential businesses include First Amendment- protected free speech activities.

25. Plaintiffs desire to engage in protected free expression by participating in peaceful protests around the issues of police brutality and racism. They are afraid to do so and have curtailed their own expression as a result of the Mayor's curfew order and their fear of being arrested.

## CAUSE OF ACTION

### Claim One:
### Violation of First Amendment Rights

26. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

27. Plaintiffs have a protected right to communicate in public forums about matters of public and political concern without interference by the government. These rights are protected by the First Amendment free expression and free association provisions.

28. The curfew order issued by the Cincinnati Mayor violates the First Amendment for the following reasons:

    a) The order, both on its face and as applied, is impermissibly content-based, because it exempts and permits certain kinds of expression, namely that presented by members of the news media and other essential workers, while silencing expression on other topics, namely the protest of institutional racism;

    b) The order, both on its face and as applied, violates strict scrutiny, because it does not advance a compelling government interest and is not the least restrictive means of achieving the government's objectives;

c) The order is substantially overbroad and punishes substantially more speech than necessary;

d) The order impermissibly closes public forums, namely streets and sidewalks, to constitutionally-protected expression; and

e) In the alternative, the order, both on its face and as applied, imposes an invalid time, place, and manner restriction on speech, because it is not narrowly tailored to a substantial government interest and fails to leave open sufficient alternative avenues of expression.

## Claim Two:
## Selective Prosecution in
## Violation of Fourteenth Amendment Rights

29. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

30. The Fourteenth Amendment protects the right of equal protection under the law. This provision prevents the government from selectively enforcing laws against particular groups of people, including those who choose to exercise their protected constitutional rights.

31. The City of Cincinnati has selectively enforced the Mayor's curfew order against individuals exercising their right of free speech as part of the ongoing protests. Upon information and belief, only those individuals who were engaged in protests in and near the downtown area have been arrested and charged with curfew violations, while violations in other parts of the city and by persons other than protesters have gone unpunished.

32. The City's practice of selectively enforcing the curfew order against protestors violates the Fourteenth Amendment.

## Claim Three:
## Separation of Powers

33. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

34. The Cincinnati Mayor retains only executive authority. He does not have authority to enact legislation or create criminal law.

35. By enacting the curfew order, absent any meaningful legislative process, the Cincinnati Mayor abdicated his executive role and engaged in the kind of law-making endeavor reserved to the legislative branch.

36. The Mayor's curfew order therefore violates the doctrine of separation of powers and is unconstitutional.

### Claim Four:
### State Preemption

37. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

38. The State of Ohio, by and through its Governor and Health Director, has enacted a comprehensive plan to prevent the spread of COVID-19. The plan is so extensive and detailed that it occupies the field relative to the COVID-19 response and leaves little room for local municipalities to legislate.

39. The Mayor's curfew order directly conflicts with the state order which does not impose a curfew.

40. To the extent it is based upon the desire to stop the spread of COVID-19, the Mayor's curfew order is preempted by state law.

### Claim Five:
### Violation of Ohio Open Meetings Act

41. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

42. The Ohio Open Meetings Act, Ohio Rev. Code § 122.22, prohibits public bodies from conducting public business in private.

43. When the Mayor enacted the curfew order, he was functioning as a public body subject to the Ohio Open Meetings Act.

44. The Mayor's curfew order was enacted outside of a public meeting. No public notice was provided prior to its issuance about the details of the order and its contents, and no public hearing was held prior to the Mayor signing it into law.

45. The Mayor's curfew order therefore violates the Ohio Open Meetings Act.

**Claim Six:
Violation of City Charter/
*Ultra Vires* Act**

46. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

47. Article III of the City Charter enables the Mayor with the consultation of City Council to "take command of the police, maintain order and enforce the law."

48. Upon information and belief, the Mayor dd not consult with City Council prior to issuing the curfew order. As a result, the order is not a valid exercise of mayoral power under Article III of the City Charter and is *ultra vires*.

49. Article XVIII of the Cincinnati Administrative Code authorizes the Mayor to issue emergency curfew orders that are "advisable in the interest of the public peace, health, safety, or welfare."

50. The curfew order does not meet the "advisable" standard and is therefore unlawful under Article XVIII of the Cincinnati Administrative Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand that this Court:

1. Enter a final judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 54, 57, and 58 of the Federal Rules of Civil Procedure that the Cincinnati Mayor's curfew order violates the

First and Fourteenth Amendments and the Cincinnati City Charter; that the curfew order is invalid under the doctrines of separation of powers and preemption; that the Mayor violated the Ohio Open Meetings Act by legislating crime in the absence of a public meeting; and that the curfew order has been selectively enforced in violation of the First and Fourteenth Amendments;

2. Preliminarily and permanently enjoin the City from adopting, enacting, or enforcing the curfew order and any future curfew orders designed to silence peaceful protests related to police brutality, institutional racism, and/or the deaths of George Floyd, Breonna Taylor, and Ahmaud Arbery;

3. Order nominal monetary damages for violations of Plaintiffs' civil rights;

4. Award Plaintiffs' attorney fees and costs pursuant to 42 U.S.C. § 1988; and

5. Grant such other relief to Plaintiffs as the Court deems to be just, proper, and equitable.

Respectfully submitted,

/s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY (Ohio Bar No. 0071629)
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

/s/ H. Louis Sirkin
H. LOUIS SIRKIN (Ohio Bar No. 0024573)
JOHN D. HOLSCHUH III (Ohio Bar No. 0095377)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 721-4450
hls@santenhughes.com
jdhiii@santenhughes.com
Counsel for Plaintiffs